UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DAVID KIMBLE,

        Plaintiff,

v.

KINGSTON CITY SCHOOL DISTRICT,

        Defendant.

------------------------------------------------------------x

**COMPLAINT**
1:18-cv-575 (FJS/DJS)

1. Plaintiff, David Kimble, is a resident of Woodstock, New York, within this judicial district.

2. Defendant, Kingston City School District, is a municipal corporation organized pursuant to the laws of the State of New York. It transacts business within this judicial district.

3. As plaintiff alleges that defendant violated his constitutional right to intimate association and his right to seek redress and petition as guaranteed by the First Amendment to the United States constitution, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331 and 1343 (3) & (4) and 42 U.S.C. sections 1983 and 1988.

4. Plaintiff is the natural father of MK.

5. During the 2016-17 school year, plaintiff was employed as a police officer by the Town of Ulster.

1

6. Plaintiff had been so employed for more than seventeen years and had a strong record as a police officer.

7. During the 2015-16 and 2016-17 school years, plaintiff worked as a school resource officer for the Kingston City School District, assigned to the Miller Middle School.

8. Plaintiff properly and appropriately performed his duties as a school resource officer and his employee evaluations so reflected.

9. In the fall 2016, plaintiff received an employee appraisal which noted that he was well performing his duties as a school resource officer, "Officer Kimble has given the position of school resource officer a rejuvenation. He is dedicated to supporting the entire school community through any resource he can access. He has already established some very positive and trusting relationships with numerous students that has been extremely beneficial."

10. On December 15, 2016, plaintiff applied to take a civil service examination for the position of school security guard.

11. The City of Kingston Civil Service Commission determined that plaintiff met the minimum qualifications for the position and permitted him to sit for the civil service examination.

12. On January 21, 2017, plaintiff took the civil service examination for the position of "school security guard."

13. In or about March 2017, plaintiff informed his supervisor that his son, then a student within the school district, was being subjected to bullying in retaliation for plaintiff's performance of his duties as a school resource officer.

14. Specifically, plaintiff warned the district's director of security of threats against his son from students who plaintiff had interacted with during his employment.

15. Thereafter, the defendant school district took inadequate measures to protect plaintiff's son.

16. As a consequence, other students attacked and injured MK.

17. Due to the defendant district's delinquent failure to respond to his requests for assistance on behalf of his son and the attack thereby enabled, plaintiff filed a notice of claim against the defendant on behalf of his son.

18. The filing of such a notice of claim was a prerequisite to plaintiff's initiation of legal action against defendant.

19. Plaintiff filed said notice of claim in late June 2017.

20. In March 2017, before receiving the results from the January 21, 2018 civil service examination, the defendant hired two persons as provisional security officers.

21. On March 15, 2017, Harry J. Woltman, a school resource officer at defendant's high school, circulated the April Sports Schedule, noting that

plaintiff had requested to be included on the school and "I'll be waiting until mid-April to see if he's [plaintiff] is Board-approved as an employee before making our May schedule."

22. In late March-early April 2017, as a parent, plaintiff advocated for his son, advising the high school's School Resource Officer about threats against MK and demanding an appropriate response by defendant to such threats.

23. Following this advocacy, the defendant dd not approve plaintiff as a provisional school resource officer though, on May 8, 2017, the chief of security noted that "we're still a little short staffed."

24. On May 18, 2017, defendant's School Board President rejected plaintiff's request – made as a parent - to transfer his son, at defendant's expense, to another school district.

25. On May 22, 2017, the Kingston Civil Service Commission issued a list of those eligible for appointment to the position of school security officer.

26. Plaintiff placed number 6 on this list of eligible.

27. Said list has a four-year life, expiring in May 2021.

28. On May 27, 2017, plaintiff responded affirmatively to the Civil Service Commission canvass indicating his interest in being appointed to the position of school security officer.

29. On June 19, 2017, plaintiff requested assignment as a school security officer, noting his availability for certain days in July and August 2017.

30. The chief of security advised plaintiff that he needed to go through the "normal hiring" procedure before being assigned during the summer months.

31. On July 1, 2017, reflecting plaintiff's interest in obtaining summer assignments as a school security officer, Parker [defendant's chief of security] again circulated a scheduled which noted that Kimble's application for employment was pending and acknowledging that its approval might cause alteration in the schedule.

32. On July 17, 2017, plaintiff pre-enrolled for appointment as a school security officer.

33. Defendant scheduled plaintiff's appointment as a school security officer for July 27, 2017.

34. On July 22, 2017, plaintiff completed all paperwork necessary for his appointment at defendant's central office.

35. On July 22, 2017, defendant's agent finger-printed plaintiff for the position of school security officer.

36. However, on or about July 27, 2017, defendant advised plaintiff that he would not be appointed as a school security officer [or permitted to continue

his assignment as a school resource officerfor the Kingston public schools] because of his son's attendance in the school district.

37. Abiding by defendant's direction, plaintiff's employer, the Town of Ulster Police Department, re-assigned plaintiff to road patrol.

38. Plaintiff's police chief advised Kimble that he was no longer welcome to work within the defendant's schools.

39. Following repudiation of plaintiff, defendant hired two individuals who lacked his experience and expertise in law enforcement or his knowledge of the Kingston City School district as school security officers.

40. Defendant disallowed plaintiff from serving as a school security officer because he advocated for his son and filed a notice of claim against it.

41. Defendant disinvited plaintiff from serving as a school resource officer because he advocated for his son and filed a notice of claim against it.

42. Plaintiff could have continued his service as a school resource officer employed by the Town of Ulster and concurrently accepted hours as a school security officer employed by defendant.

43. Working solely as a police officer for the Town of Ulster, plaintiff has lost income he otherwise would have earned had he been appointed as a school security officer.

44. Plaintiff has also been deprived of the satisfaction of working with students and emotionally anguished by being punished for advocating as a father for his son.

### AS AND FOR A FIRST CAUSE OF ACTION

45. Plaintiff incorporates paras. 1-44 as if fully re-written herein.

46. By disqualifying plaintiff for appointment as a school security officer because of his advocacy for his son, defendant punished him for engaging in his right to petition in violation of the First Amendment to the United States Constitution.

### AS AND FOR A SECOND CAUSE OF ACTION

47. Plaintiff incorporates paras. 1-46 as if fully re-written herein.

48. By disqualifying plaintiff for appointment as a school security officer because of his son's attendance in defendant school district, defendant punished plaintiff on account of his intimate association with his son, also in violation of the First Amendment to the United States Constitution.

### AS AND FOR A THIRD CAUSE OF ACTION

49. Plaintiff incorporates paras. 1-48 as if fully re-written herein.

50. By demanding that his employer re-assign plaintiff from his duties as a school resource officer, defendant violated his right to petition as protected by the First Amendment to the United States Constitution.

## AS AND FOR A FOURTH CAUSE OF ACTION

51. Plaintiff incorporates paras. 1-50 as if fully re-written herein.

52. By demanding that his employer re-assign plaintiff from his duties as a school resource officer, defendant violated his right to intimate association as protected by the First Amendment to the United States Constitution

WHEREFORE, plaintiff prays that this court accept jurisdiction over this matter and award to plaintiff injunctive relief, compensatory damages and the attorney's fees and costs associated with the prosecution of this matter, as well as any other relief which the court determines to be in the interests of justice and or equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [103324]

Dated:  May 13, 2018

SUSSMAN & ASSOCIATES
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991